# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2956-22

J.S.,

     Plaintiff-Appellant,

v.

ROMAN CATHOLIC
ARCHDIOCESE OF
PHILADELPHIA, ROMAN
CATHOLIC HIGH SCHOOL,
CORPUS CHRISTI PARISH,
and CORPUS CHRISTI
SCHOOL,

     Defendants-Respondents,

and

FATHER JOHN SCHMEER and
FATHER ERNEST DURANTE,

     Defendants.

_____

Argued December 18, 2023 – Decided January 24, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0475-19.

John W. Baldante argued the cause for appellant (Levy, Baldante, Finney, & Rubenstein, PC, attorneys; John W. Baldante and Mark R. Cohen, on the briefs).

Nicholas M. Centrella argued the cause for respondents (Clark Hill PLC, attorneys; Nicholas M. Centrella, on the brief).

PER CURIAM

Plaintiff alleges that he was sexually abused in the early 1970s by Father John Schmeer and Father Ernest Durante, who were both then Roman Catholic priests of the Archdiocese of Philadelphia.[1] In 2019, plaintiff filed suit in New Jersey, alleging that the Archdiocese of Philadelphia, Roman Catholic High School, Corpus Christi Parish, and Corpus Christi School (collectively, the Archdiocese) were civilly liable for the abuse by Schmeer and Durante. Plaintiff appeals from an order granting the Archdiocese's motion to dismiss for lack of personal jurisdiction. We affirm because jurisdictional discovery established

---

[1] Plaintiff identifies himself by name in his complaint. We refer to him by his initials and as plaintiff to protect privacy interests concerning allegations of child sexual abuse because, in his complaint and documents he submitted in discovery, he referred to other children who were allegedly sexually abused by Schmeer and other priests of the Archdiocese. See R. 1:38-3(c)(9); see also N.J.S.A. 2A:61B-1(f).

A-2956-22

that the Archdiocese did not purposefully avail itself of any benefits in New Jersey related to Schmeer's or Durante's alleged abuse of plaintiff. Therefore, New Jersey does not have personal jurisdiction over the Archdiocese related to this lawsuit.

I.

We discern the facts from the record developed during jurisdictional discovery. The Archdiocese is an unincorporated, religious, non-profit association that operates in Pennsylvania. Its principal place of administration is in Philadelphia, and it oversees Catholic parishes in five Pennsylvania counties. Corpus Christi Parish and Corpus Christi School both closed in 1987. Roman Catholic High School, Corpus Christi Parish, and Corpus Christi School were all located in Pennsylvania and were within the geographic area controlled by the Archdiocese. The Archdiocese does not oversee or operate any churches, parishes, or religious facilities in New Jersey. It also does not assign priests to any parishes in New Jersey.

The Archdiocese does not currently own any real property in New Jersey. In the past, the Archdiocese did own several properties in New Jersey that were given to it, but those properties were sold before 2013. The Archdiocese also owned and operated two properties in Ventnor, New Jersey, which it used as

A-2956-22

vacation homes for priests. The Ventnor properties were acquired in 1963 and sold in 2012 and 2013.

Plaintiff is a resident of Pennsylvania. He met Schmeer in the late 1960s while attending Roman Catholic High School, which is in Philadelphia. Schmeer and Durante were teachers and guidance counselors at Roman Catholic High School. In the early 1970s, Schmeer served as a priest in residence at Corpus Christi Parish, where plaintiff and his family were parishioners.

Plaintiff alleges that Schmeer began sexually abusing him when he was fifteen years old in 1970, and that the abuse continued for several years thereafter. Most of the abuse occurred in Pennsylvania, but plaintiff also contends that when he was fifteen years old, Schmeer took him to the Jersey Shore to help paint another parishioner's home. Plaintiff alleges that while they were at the home near Sea Isle City, New Jersey, Schmeer sexually abused him several times and that, on at least one occasion, Durante watched the abuse and, thereafter, mocked plaintiff.

In December 2019, plaintiff sued the Archdiocese, Schmeer, and Durante in New Jersey. Plaintiff contends that the Archdiocese is responsible for Schmeer's and Durante's sexual abuse of him, and he asserted causes of action for negligence, negligent supervision, negligent hiring and retention, gross negligence, intentional infliction of emotional distress, and breach of fiduciary

A-2956-22

duties. Plaintiff also contends that the Archdiocese knew of Schmeer's history of sexual abuse of children but did not restrict his activities with children.

The Archdiocese moved to dismiss plaintiff's complaint for lack of personal jurisdiction. The trial court initially denied that motion and directed the parties to engage in jurisdictional discovery. Following the completion of that discovery, the Archdiocese again moved to dismiss the complaint.

On April 25, 2023, after hearing arguments from counsel, the trial court issued an order granting the motion and dismissing plaintiff's claims against the Archdiocese for lack of personal jurisdiction.[2] Thereafter, we granted plaintiff leave to appeal.

## II.

On appeal, plaintiff contends that the Archdiocese is subject to specific jurisdiction in New Jersey because Schmeer and Durante were agents of the Archdiocese. He argues that the Archdiocese facilitated Schmeer's and

---

[2] At the same time, the same trial court also dismissed three other complaints against the Archdiocese for lack of personal jurisdiction. We have affirmed those three other dismissals in separate unpublished opinions. Jane Doe v. Archdiocese of Phila., No. A-2962-22 (App. Div. 2024); F.C. v. Roman Cath. Archdiocese of Phila., No. A-2955-22 (App. Div. 2024); John Doe 1 v. Archdiocese of Phila., No. A-3636-21 (App. Div. Dec. 27, 2023).

Durante's actions in New Jersey by not restricting the conduct of Schmeer, Durante, and other priests of the Archdiocese as it related to children.

Personal jurisdiction is a "'mixed question of law and fact' that must be resolved at the outset, 'before the matter may proceed.'" Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div. 2017) (quoting Citibank, N.A. v. Est. of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996)). We review a trial court's findings of fact with respect to jurisdiction "to determine if those findings are supported by substantial, credible evidence in the record," but conclusions of law are reviewed de novo. Id. at 358. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Having considered plaintiff's arguments in light of the record and governing law, we reject them. The facts disclosed during jurisdictional discovery established that the Archdiocese is not subject to jurisdiction in New Jersey in this action because it did not purposefully avail itself of activities in New Jersey sufficient to satisfy the "minimum contacts" required for personal jurisdiction. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316-17 (1945).

We have published two opinions that set forth the law on when a non-resident diocese is subject to personal jurisdiction in New Jersey for the alleged

past sexual abuse of a minor by a priest.  See D.T. v. Archdiocese of Phila., ___ N.J. Super. ___ (App. Div. 2023); JA/GG Doe 70 v. Diocese of Metuchen, ___ N.J. Super. ___ (App. Div. 2023).  Like the plaintiffs in those cases, plaintiff here concedes that he must show specific personal jurisdiction over the Archdiocese.

To determine whether a non-resident defendant may be subject to specific personal jurisdiction, courts examine the "relationship among the defendant, the forum, and the litigation."  Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).  "In order for a state court to exercise [specific] jurisdiction over a non[-]resident defendant, the lawsuit 'must aris[e] out of or relat[e] to the defendant's contacts with the forum.'"  Jardim v. Overley, 461 N.J. Super. 367, 376 (App. Div. 2019) (third and fourth alterations in original) (quoting Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)); accord Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106, 119 (1994), cert. denied, 513 U.S. 1183 (1995); see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. ___, 141 S. Ct. 1017, 1025 (2021).

"The 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff."  Lebel, 115 N.J. at 323 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980)); see also Waste Mgmt., 138 N.J. at

7

126 (explaining that "the existence of minimum contacts turns on the presence or absence of intentional acts of the defendant to avail itself of some benefit of a forum state"). The contacts "must be the defendant's own choice and not 'random, isolated, or fortuitous.'" Ford, 141 S. Ct. at 1025 (quoting Keeton v. Hustler Mag., Inc., 465 U.S. 770, 774 (1984)).

Moreover, courts determine, based on the defendant's "'conduct and connection' with the forum state . . . whether the defendant should 'reasonably anticipate being haled into court [in the forum state].'" Bayway Refin. Co. v. State Utils., Inc., 333 N.J. Super. 420, 429 (App. Div. 2000) (alteration in original) (quoting World-Wide Volkswagen, 444 U.S. at 297). In making that determination, a court "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 113 (1987). So, a court weighs "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." Ibid. (quoting World-Wide Volkswagen, 444 U.S. at 292).

Neither the Archdiocese's former ownership of properties in New Jersey nor its supervision over Schmeer and Durante as priests and teachers establishes specific jurisdiction over the Archdiocese in New Jersey related to the sexual

8

abuse plaintiff alleges he suffered. There is no evidence that the Archdiocese's former ownership of real properties in New Jersey had any relation to plaintiff's allegations of abuse by Schmeer or Durante. Plaintiff testified that he was abused by Schmeer and Durante at a private home near Sea Isle City in the early 1970s. The Archdiocese's former ownership of other properties in New Jersey was not related to Schmeer's or Durante's use of that home. Specific jurisdiction requires "a connection between the forum and the specific claims at issue." Bristol-Myers Squibb Co. v. Superior Ct., 582 U.S. 255, 265 (2017).

Moreover, there is no evidence that the Archdiocese knew of, approved, or sanctioned Schmeer taking plaintiff to the private home. While plaintiff testified that his parents directed him to go on the trip in furtherance of his religious obligations, there is no evidence that the Archdiocese sponsored or even knew of the trip. Accordingly, there is no evidence demonstrating that the Archdiocese purposefully availed itself of any benefit or activity in New Jersey in connection with Schmeer's or Durante's alleged abuse of plaintiff.

For the reasons we detailed in D.T., we reject plaintiff's argument that Schmeer and Durante were acting as agents of the Archdiocese when they sexually abused plaintiff. ___ N.J. Super. at ___ (slip op. at 14-19). In short, there is no evidence that Schmeer and Durante were acting within the scope of their responsibilities as priests, teachers, or counselors when they allegedly

sexually abused plaintiff. See Bristol-Myers Squibb Co., 582 U.S. at 265; Shaffer, 433 U.S. at 204; Lebel, 115 N.J. at 323.

We also reject plaintiff's argument that the Archdiocese's failure to restrict Schmeer's or Durante's activities confers personal jurisdiction over the Archdiocese in New Jersey. For purposes of determining personal jurisdiction, which in this matter was raised on a motion to dismiss, we accept plaintiff's allegation that the Archdiocese knew of Schmeer's and Durante's sexual behaviors with children at the time the alleged abuse of plaintiff occurred. We also accept plaintiff's contention that the Archdiocese failed to remove Schmeer or Durante from the ministry despite its alleged knowledge of the risk they posed to children. While that conduct, if proven, would be inappropriate and highly irresponsible, it does not establish specific personal jurisdiction over the Archdiocese in New Jersey. All the alleged conduct regarding the retention and oversight of Schmeer and Durante took place in Pennsylvania. Therefore, that conduct does not constitute intentional acts of the Archdiocese to avail itself of some benefit in or from New Jersey. See Ford, 141 S. Ct. at 1025; Waste Mgmt., 138 N.J. at 126.

Finally, we also reject plaintiff's argument that because the Archdiocese knew that many of its priests were sexually abusing children, the Archdiocese's failure to restrict Schmeer's or Durante's activities conferred personal

10

jurisdiction in New Jersey. All the priests in the Archdiocese served in Pennsylvania, and the Archdiocese oversaw the activities of those priests in Pennsylvania from its administrative headquarters in Philadelphia. While it was foreseeable that priests would travel outside of Pennsylvania, there is no evidence that Schmeer took plaintiff to New Jersey on a trip sanctioned or sponsored by the Archdiocese. More importantly, there is no evidence that the Archdiocese had intentionally availed itself of any benefit in or from New Jersey in connection with Schmeer taking plaintiff to a private home in New Jersey. In short, even if plaintiff proved all his allegations against the Archdiocese, those proofs would not establish personal jurisdiction over the Archdiocese in New Jersey in connection with plaintiff's lawsuit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2956-22